UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREAS NOTTEBOHM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME MORTGAGE INVESTMENT CORP., et al.,<br><br>Defendants. | Case No. 14-cv-04047-SI<br><br>**ORDER EXPUNGING LIS PENDENS**<br>Re: Dkt. Nos. 41, 51, 53, 54 |

Defendants moved for an order expunging the *lis pendens* recorded against the property at issue in this case. Defendants' motion was scheduled for hearing on January 23, 2015. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion to expunge.

**BACKGROUND**

Plaintiffs Tess and Andreas Nottebohm initiated this litigation in state court in March of 2010, and have since sustained a number of adverse judgments on the merits of their claims. *See Nottebohm v. Am. Home Mortgage Servicing, Inc.*, No. A139030, 2014 WL 5035948 (Cal. Ct. App. Oct. 9, 2014). Plaintiffs filed the present action in federal court on September 5, 2014. Docket No. 1, Complaint. The First Amended Complaint ("FAC") alleges that defendants made certain material misrepresentations to plaintiffs related to the refinance of their home in December of 2006. Docket No. 39, FAC.

On September 29, 2014, Judge Alsup denied plaintiffs' motion for a temporary restraining order ("TRO") to prohibit defendants from evicting them from their home. Docket No. 19. On

1  November 11, 2014, this Court denied plaintiffs second motion for a TRO. Docket No. 50. On
2  November 17, 2014, defendant's filed a motion to dismiss the FAC. Docket No. 41. On December
3  10, 2014, defendants filed a motion to expunge the *lis pendens* that the Nottebohm's recorded
4  against their home. Docket No. 51. On December 30, 2014, plaintiffs filed a notice of voluntary
5  dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Docket No. 53, thereby
6  mooting defendant's motion to dismiss.

   By the present motion, defendants ask the Court to expunge *lis pendens* subsequent to
   plaintiffs' voluntary dismissal of this action. Docket Nos. 51, 54.

## DISCUSSION

Pursuant to California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a real property claim may record a notice of pendency of action [*lis pendens*] in which that real property claim is alleged." The purpose of a *lis pendens* notice is to provide constructive notice of a pending claim that may affect title or right to possession of the real property described in the *lis pendens* notice. *See La Paglia v. Super. Ct.*, 264 Cal. Rptr. 63, 66 (Cal. Ct. App. 1989). The principal purpose of the *lis pendens* statute is to protect third parties who might acquire an interest in real property subject to a suit that might affect their interest. *See id*. A *lis pendens* notice protects the plaintiff only to the extent that it precludes a future interest holder from claiming lack of notice.

> While the *lis pendens* statute was designed to give notice to third parties and not to aid plaintiffs in pursuing claims, the practical effect of a recorded *lis pendens* is to render a defendant's property unmarketable and unsuitable as security for a loan. The financial pressure exerted on the property owner may be considerable, forcing him to settle not due to the merits of the suit but to rid himself of the cloud upon his title. The potential for abuse is obvious. In light of its history as a device designed to protect third parties rather than provide plaintiffs with an unfair advantage in litigation, courts have restricted rather than broadened application of this potentially devastating pretrial remedy.

*Id*. (citations omitted).

The party who recorded the notice of *lis pendens* bears the burden of proof in opposing a motion to expunge. Cal. Code Civ. Proc. § 405.30; *see also* § 405.32 ("[T]he court shall order that

United States District Court
Northern District of California

the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim.").

Based upon the record before the Court, the Court finds it appropriate to grant defendants' motion to expunge the *lis pendens*. Plaintiffs have not opposed the motion, and therefore have not met their burden to show why the *lis pendens* should not be expunged. In any event their voluntary dismissal of this action precludes any argument of "probable validity" of their claims.

Accordingly, the Court hereby **GRANTS** defendants' motion to expunge the *lis pendens*. The *lis pendens* recorded against real property located at 90 Sidney Court, San Rafael, CA that was recorded on October 6, 2014 in the Marin County Recorder as Document No. 2014-0041321 is hereby expunged. This order resolves Docket Nos. 41 and 51.

**IT IS SO ORDERED**.

Dated: January 21, 2015

_____
SUSAN ILLSTON
United States District Judge